# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Maria Callier,**
**Plaintiff Below, Petitioner**

**FILED**

**January 24, 2014**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)   No. 12-1429** (Jefferson County 12-C-AP-5)

**Barbara Johns and Chris Warner,**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioner Maria Callier, appearing *pro se*, appeals the order of the Circuit Court of Jefferson County, entered November 5, 2012, that awarded her $900 plus court costs following a bench trial. Neither respondent filed a response.[1]

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On March 20, 2012, petitioner filed a complaint in the Magistrate Court of Jefferson County that alleged that she had been sold a defective vehicle[2] and that as a result of various repairs and maintenance services, she had suffered damages in the amount of between $4,116 and $5,000. Petitioner further alleged that Respondent Johns was the car's seller and that Respondent Warner acted as Respondent Johns's agent for the sale. In a judgment dated July 25, 2012, the magistrate court ruled against petitioner. Consequently, petitioner appealed to the Circuit Court of

---

[1] On October 4, 2013, this Court entered an amended scheduling order that noted that no response had been filed by the previous deadline of September 5, 2013. This Court directed that responses be filed within twenty days of the date of the order. Each respondent still failed to file a response. Pursuant to Rule 10(d) of the West Virginia Rules of Appellate Procedure, if a respondent fails to respond to an assignment of error, this Court will assume that the respondent agrees with petitioner's view of the issue. However, as set forth below, petitioner's brief and a review of the record have failed to convince the Court that reversal is appropriate. Accordingly, the Court declines to rule in petitioner's favor simply because each respondent failed to file a response. *See*, *e.g.*, Syl. Pt. 8, *State v. Julius* 185 W.Va. 422, 408 S.E.2d 1 (1991) ("This Court is not obligated to accept the State's confession of error in a criminal case. We will do so when, after a proper analysis, we believe error occurred.").

[2] The vehicle was a 1999 Honda Civic.

1

Jefferson County.

Pursuant to Rule 18(d) of the West Virginia Rules of Civil Procedure for Magistrate Courts, the circuit court held a trial *de novo* on petitioner's claims on November 2, 2012. Following trial, the circuit court found that Respondent Johns was not the vehicle's seller and, therefore, petitioner's allegations against Respondent Johns were "meritless." As between petitioner and Respondent Warner, the circuit court found that Respondent Warner had a duty to inform petitioner that the automobile was missing a catalytic converter given "[petitioner's] testimony that the car was represented to her as one without major defects" and Respondent Warner's testimony that "he did not disclose [the converter's] absence because [petitioner] did not ask him to" even though Respondent Warner possessed superior knowledge of the vehicle. The circuit court declined to award petitioner damages for the other defects she alleged because "[petitioner] testified that she suspected the breaks [brakes]were not working, that she smelled cigarette smoke in the car, and [that] she test drove the car for an hour." Accordingly, the circuit court awarded petitioner $900 for replacing the catalytic converter, plus court costs, and noted that both parties objected to its judgment. Petitioner now appeals the circuit court's judgment order entered on November 5, 2012.

We apply the standard for reviewing a judgment entered following a bench trial:

> In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review

Syl. Pt. 1, *Public Citizen, Inc. v. First Nat'l Bank in Fairmont*, 198 W.Va. 329, 480 S.E.2d 538 (1996).

On appeal, petitioner asserts that in addition to the $900 for the replacement catalytic converter, she should have also been awarded $2,359.15, for other costs such as postage expenses, shipping costs, money order fees, as well as additional repairs. Petitioner avers all these costs are associated with having the automobile repaired.

"An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact." *State v. Guthrie*, 194 W.Va. 657, 669 n. 9, 461 S.E.2d 163, 175 n. 9 (1995); *see also* Rule 52(a), W.V.R.C.P. (When a court sits without a jury, "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses."). The only claim on which the circuit court found in petitioner's favor was the catalytic converter claim, and no other. Given the deference owed to the circuit court as the trier of fact, this Court sees no reason to disturb the circuit court's judgment to award petitioner $900 only, plus court costs.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** January 24, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II